[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11441
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 10, 2012
JOHN LEY
CLERK

D.C. Docket No. 0:10-cr-60316-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL STANLEY PAXTON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 10, 2012)

Before TJOFLAT, EDMONDSON and PRYOR, Circuit Judges.

PER CURIAM:

The district court convicted Darryl Stanley Paxton, Jr., on pleas of guilty,

made pursuant to a plea agreement, to all counts of a 15-count indictment: Counts

1 through 6, wire fraud, in violation of 18 U.S.C. § 1343; Counts 7 through 10, fraudulent use of a Social Security number, in violation of 42 U.S.C. § 408(a)(7)(B); and Counts 11 through 15, money laundering, in violation of 18 U.S.C. § 1957(a). The court then sentenced Paxton to concurrent prison terms of 84 months on Counts 1 through 6 and 11 through 15 and 60 months on Counts 7 through 10.[1] The court imposed the 84 months' sentences at the bottom third of the Guidelines sentence range, 78 to 97 months.

Paxton now appeals the sentences he received on Counts 1 through 6 and 11 through 15 on the ground that they are procedurally unreasonable, to-wit: the district court improperly enhanced the U.S.S.G. § 2B1.1 base offense level (for the 19 U.S.C. § 1343 offense) by two levels pursuant to special offense characteristic § 2B1.1(b)(10)(C)(i) on the ground that he used a fictitious name to obtain bank loans and lines of credit rather than an actual name.[2]

Paxton's claim that the challenged sentences are procedurally unreasonable fails because Paxton, in pleading guilty, admitted that he used a valid Social

---

[1] As part of Paxton's sentences on Counts 1 through 6 and 11 through 15, the district court ordered Paxton to make restitution in the stipulated amount of $ 1,519,856.

[2] In determining the 78-97 months Guidelines sentence range, the district court, adopting the probation office's determination, fashioned three groups: Counts 1-6, 7-10, and 11-15, and then grouped these groups together. The guidelines for Counts 1-6 embodied the special offense characteristic at issue here and thus provided the highest offense level in the case—for Counts 1-6 and 11-15.

Security number to obtain certain loans; the admission was contained in the factual basis for his pleas of guilty. In short, the court appropriately applied the two-level enhancement provided by § 2B1.1(b)(10)(C)(i). *United States v. Auguste*, 392 F.3d 1266, 1268 (11th Cir. 2004); *accord United States v. Williams*, 355 F.3d 893, 898-900 (6th Cir. 2003). Paxton's sentences on Counts 1-6 and 11-15 are accordingly

AFFIRMED.